IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAMAR KEMP                                                                                              PLAINTIFF

v.                                              Civil No.6:17-cv-06084

CORRECT CARE SOLUTIONS, INC.; DR.
NANETTE VOWELL; and HEALTH SERVICES
ADMINISTRATOR ANDREA BEASLEY                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Lamar Kemp, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 24). Defendants have filed a Response in opposition to the motion. (ECF No. 27).

**I. BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit ("ORU"). Plaintiff filed his Complaint on August 25, 2017, naming Correct Care Solutions, Inc. ("CCS"), Dr. Nannette Vowell, Andrea Beasley, Gwendolyn Hart, Rory Griffin, and Wendy Kelly as Defendants. (ECF No. 1).[1] He claims he has been denied medical care in violation of the Eighth Amendment and the American with Disabilities Act and has been retaliated against for seeking legal action. *Id.*

Plaintiff filed his Motion for Preliminary Injunction on February 1, 2018. In the motion,

---

[1]All claims against Defendants Hart, Griffin and Kelley have been dismissed. (ECF Nos. 23, 26).

1

Plaintiff requests:

> a preliminary injunction, to immediately remedy the undue pain, suffering and deterioration of health the Plaintiff continues to endure in direct violation of the Eighth Amendment to the United States Constitution; specifically that Correct Care Solution, Inc., be ordered to provide an urgently needed medical care to bring CCS into compliance with its oigilations, both those contractual to ADC, and by Dint of that contact, its constitution obligations…

(ECF No. 24, p. 1)

He goes on to state he has been refused adequate health care and "has been retalaited againt for attempting to obtain such…" (ECF No.24, p. 2). Specifically Plaintiff's requests:

> 1) the Plaintiff be immediately transported to Jefferson Medical Hospital to have corrected a arterial blockage near to and related to his dialysis port…2) that Doctor Nannette Vowell…be immediately enjoined from having any imput or authorthy over the Plaintiffs health care…3) that the Plaintiff be immediately provided Ensure nutritional supplement…that the Plaintiff be immediately issued a renal tray script which is a special diet given to all other dialysis patients and is being denied by Vowell…

(ECF No. 24, pp. 2 - 4)

Defendants filed a Response to Plaintiff's motion arguing he is not entitled to a preliminary injunction because the relief requested in the motion is unrelated to Plaintiff's underlying lawsuit and Plaintiff fails to allege facts to support a conclusion that he is in immediate danger of irreparable harm. (ECF No. 27).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the

balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).

The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

**A. Plaintiff's request for an injunction and temporary relief is not related to his § 1983 Complaint.**

Preliminary relief is granted "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Therefore, the party requesting preliminary relief must "establish a

relationship between the injury claimed in the party's motions and the conduct asserted in the complaint." *Id.*

Plaintiff filed his Complaint alleging he was denied adequate medical care in violation of the Eighth Amendment and the American with Disabilities Act and was retaliated against for seeking legal action. (ECF No. 1). Specifically, he claims that in September of 2013 he was transferred to the ORC and his wheelchair, egg crate mattress and tennis shoes were taken. He goes on to allege that his wheelchair was not replaced until February of 2014. He also asserts that in February of 2014, he was denied appropriate footwear and appropriate leg braces. *Id.* In his Motion for Preliminary Injunction, Plaintiff seeks an injunction ordering Defendants to immediately transfer him to a hospital so he can undergo a procedure to correct what he claims is an "arterial blockage near to and related to his dialysis port", to restrict Defendant Vowell from treating him because she has allegedly retaliated against him, and to immediately begin providing a nutritional supplement and a special diet tray because he is a dialysis patient. (ECF No. 24).

Plaintiff's request for relief in his Motion for Preliminary Injunction is not related to the claims raised in his Complaint. Consequently, because Plaintiff has not established any relationship between the injury he is claiming in his motion and the allegations in his Complaint his request for injunctive relief should be denied. *See*, *e.g.*, *Devose*, 42 F.3d at 471 (denying a preliminary injunction where a prisoner's retaliation allegation was "entirely different from" the inadequate medical care claims and relief requested in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (8th Cir. Sept. 18, 2008) (unpublished opinion) (denying a prisoner's request for a preliminary injunction because the "the relief sought was unrelated to the allegations in his [§ 1983] complaint".)

4

### B. None of the *Dataphase* factors support injunctive relief in this case.

Even if the basis of his motion for injunctive relief was related to his Complaint, Plaintiff is not entitled to injunctive relief under *Dataphase*. First, it is apparent Plaintiff disagrees with how Defendants are providing care for his alleged medical needs. However, mere disagreement with medical treatment fails to state a claim of deliberate indifference. *See Meuir v. Greene County Jail Employees,* 487 F.3d 1115, 1118-19 (8th Cir. 2007) (an inmate has no constitutional right to a particular course of treatment, and his mere disagreement with the medical treatment he receives is not a basis for section 1983 liability); *Pietrafeso v. Lawrence County, S.D.,* 452 F.3d 978, 983 (8th Cir. 2006) (showing deliberate indifference is greater than even gross negligence and requires more than mere disagreement with treatment decisions). In addition, Plaintiff has only made conclusory statements concerning retaliation by Defendant Vowell and Beasley for delaying the return of his "egg crate mattress, tennis shoes and wheelchair" after he was transferred to the ORU.[2] Therefore, at least at this juncture, the Court finds it unlikely that Plaintiff's claims for denial of medical care and retaliation will be successful on the merits.

Second, a preliminary injunction is meant to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Here, Plaintiff has simply expressed disagreement with the care he is being provided but offers no facts to support a conclusion that Plaintiff is in immediate danger of irreparable harm. In addition, Defendants have provided an Affidavit from Jason Kelley, the Health Services Administrator at the Ouachita River Special Needs Unit, stating

---

[2] Merely alleging that an act was retaliatory is insufficient. *Meuir* at 1119, citing *Benson v.* Cady, 761 F.2d 335, 342 (7th Cir. 1985).

5

that : 1) Plaintiff has successfully had his dialysis performed at all times; 2) Plaintiff was scheduled for an outside consultation for examination of the port in his arm on February 5, 2018, but the appointment had to be rescheduled for reasons beyond the control of the unit medical staff; 3) Plaintiff has a pending appointment with an outside consultant for examination of his dialysis port in the very near future; and 4) Plaintiff has continued to receive dialysis routinely and successfully. (ECF No. 27-1). Thus, Plaintiff has failed to demonstrate he will suffer irreparable harm in the absence of injunctive relief. *See Williams v. Correctional Medical Services,* 166 Fed. Appx. 882, (8th Cir. 2006) (Plaintiff's claims concerning Hepatitis C testing and treatment showed neither threat of irreparable harm or likelihood of success on the merits to warrant a preliminary injunction); s*ee also Quint v. Lantz*, 248 Fed Appx. 218, 219 (2d Cir. 2017) (alleged denial of medical care, including preferred pain medication, for degenerative, rather than acute, medical condition did not suffice to show irreparable harm).

Third, in balancing the harm and the injury to the Defendants if the injunction is granted, the balance favors the Defendants. Granting the injunction would amount to this Court interfering with the exercise of the medical judgment of the Defendants and the operation and administration of a state prison. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff,* 60 F.3d at 520.

Finally, in assessing whether the issuance of an injunction would be in the public interest, it must be remembered that the "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's allegations would amount to

direct interference by the Court with the operation and administration of the ORC which is harmful to Defendants and does not serve any public interest.

## IV. CONCLUSION

Accordingly, I recommend Plaintiff's Motion for Preliminary Injunction (ECF No. 24) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 22nd day of February 2018.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE